People v Delacruz (2021 NY Slip Op 06656)





People v Delacruz


2021 NY Slip Op 06656


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Ind. No. 1080/17 Appeal No. 14701 Case No. 2019-04659 

[*1]The People of the State of New York, Respondent,
v
Eliseo Delacruz, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Zoe Root of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered May 15, 2019, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of seven years, unanimously affirmed.
Defendant did not preserve his claim that a videotape should have been excluded as evidence of an uncharged crime, or that it required an advance ruling and a limiting instruction, as well as his related challenge to the court's response to a jury note, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Several hours before one of defendant's codefendants shot the victim on the street, with defendant standing nearby, defendant sent a video to a WhatsApp group chat. In the video, which was filmed in the New Jersey home of the same codefendant, defendant displayed a pistol, announced his intention to kill the victim, and accepted a magazine of ammunition from the other codefendant. This video did not constitute Molineux evidence because it did not "concern[] a separate crime or bad act committed by the defendant" (People v Frumusa, 29 NY3d 364, 369-370 [2017]), but rather one that was directly "relevant to the very same crime for which defendant [was] on trial" (id. at 370). The video was direct proof of defendant's specific criminal intent, and that he acted in concert with the two codefendants, who possessed pistols at the time of the shooting.
We also reject defendant's argument that the jury may have been led to believe that it could convict him based on his actual possession of the pistol at the time the video was made. The court's main and supplemental instructions, the evidence, and the arguments of the parties made clear that defendant was charged with constructively possessing the pistols his codefendants used at the time of the shooting in New York, and not with possession of the pistol depicted in the video, which was filmed in New Jersey. There was no need for a limiting instruction on this matter, and there was nothing confusing about the court's answer to a jury inquiry regarding the meaning of constructive possession.
The prosecutor's summation remarks urging the jurors to use their common sense did not undermine the People's burden of proving defendant's guilt beyond a reasonable doubt (see People v Scott, 305 AD2d 133 [1st Dept 2003], lv denied 100 NY2d 587 [2003]), and in any event did not warrant a mistrial. Defendant's remaining challenges to the People's summation are unpreserved and we decline to review them in
the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE [*2]SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021